UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:14-CR-91 JD |
| | )          3:16-CV-372 |
| DARIUS WILLIAMS | ) |

**OPINION AND ORDER**

Defendant Darius Williams has filed a motion under Rule 59, asking that the Court reconsider its denial of his motion under § 2255. Mr. Williams' motion to reconsider does not present any new claims, nor does it raise any new evidence or arguments that were not already before the Court. Instead, it merely rehashes the same arguments that the Court already considered and discussed in denying the motion. Mr. Williams therefore presents no valid basis for reconsideration, so his motion must be denied.

In addition, the arguments that Mr. Williams raises in his motion to reconsider are all meritless. Mr. Williams again argues that his counsel was ineffective for failing to investigate possible suppression motions. As the Court explained in its previous order, for Mr. Williams to receive relief on that basis, he would have to show that if counsel had investigated properly, a motion to suppress would have been granted and he would not have pled guilty. *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017); *Gilbert v. Merchant*, 488 F.3d 780, 790–91 (7th Cir. 2007); *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). Even in his motion to reconsider, Mr. Williams fails to address those topics. Instead, he argues only that if his attorney had investigated properly, he could have requested *hearings* on these topics. But for the reasons explained at length in the Court's order, any hearings would have been fruitless, as Mr. Williams has identified no colorable basis for suppression.

Mr. Williams also again argues that his arrest on November 11, 2014, at the time the search warrants were executed, was unlawful. As previously discussed, however, Mr. Williams' arrest was lawful despite the absence of an arrest warrant. First, the officers' months-long investigation into Mr. Williams' and his co-defendant's drug dealing produced probable cause to believe he had committed a number of offenses. In addition, Mr. Williams was lawfully detained incident to the execution of the search warrant, as he was caught fleeing as officers began entering the home, and the search itself produced contraband and additional evidence tying Mr. Williams to unlawful activity. Mr. Williams also notes that the docket reflects that he was arrested on November 13, 2014, when in fact he was taken into custody on November 11, 2014. However, that docket notation is not meant to indicate the date Mr. Williams was first taken into custody; it merely indicates the date that Mr. Williams was arrested pursuant to the indictment that was returned the previous day. Mr. Williams further argues that no probable cause affidavit was submitted in support of the arrest warrant issued on November 12, 2014. However, that arrest warrant was based on an indictment, meaning evidence had been presented to a grand jury, which independently found that probable cause existed to charge Mr. Williams with the offenses in the indictment. No separate affidavit or judicial finding of probable cause is necessary in those circumstances.

Mr. Williams next argues that counsel's failure to investigate and file suppression motions prejudiced him at sentencing. Besides failing on their merits, any such motions would have had no effect at sentencing. First, the exclusionary rule does not apply to sentencing proceedings. *United States v. Sanders*, 743 F.3d 471 (7th Cir. 2014). Thus, even if counsel had filed a successful motion to suppress, the Court would have still been required to consider all of the evidence at the sentencing stage, whether it had been suppressed from trial or not. *Id.* And

second, Mr. Williams' attorney negotiated a plea agreement that included a binding term of imprisonment. The Court accepted that agreement and imposed the exact term of imprisonment that Mr. Williams asked for, even though it was lower than the guideline range by almost four years. Moreover, had Mr. Williams proceeded to trial and been convicted, his guideline range would have been about twice as long as the sentence he received. Thus, far from rendering ineffective assistance relative to the length of Mr. Williams' sentence, Mr. Williams' attorney secured an unusually favorable outcome for him.[1]

Finally, Mr. Williams argues that the Court should have at least held an evidentiary hearing prior to denying his motion. However, for the reasons discussed at length, Mr. Williams' claims are meritless, and he has not alleged "facts that, if proven, would entitle him to relief," so no hearing is warranted. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Therefore, the Court denies Mr. Williams' motion to reconsider. [Case -372, DE 4; Case -91, DE 138].

SO ORDERED.

ENTERED: May 22, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] For the same reasons, Mr. Williams' argument that his attorney told him the guideline range would be lower than it ended up being is irrelevant, as Mr. Williams still received the sentence he agreed to in his binding plea agreement, which he confirmed under oath that he understood and agreed to.