UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CR-00091-JD |
| | ) | |
| DARIUS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

On April 5, 2018, this Court entered an order denying Darius Williams's motion for relief from judgment pursuant to Rule 60(b)(1) and 60(b)(6). [DE 172]. Mr. Williams claims he did not receive notice of that judgment and has now brought another motion for relief under Rule 60(b)(1)'s excusable neglect provision arguing that he was unable to file for a Certificate of Appealability because he did not receive a copy of the denial of his first Rule 60(b) motion. [DE 183]. Mr. Williams also makes an argument under Rule 60(b)(6) that his original claim of ineffective assistance of counsel is now determined by *Garza v. Idaho*, 139 S.Ct. 738 (2019). *Id*. For the following reasons, the Court denies Mr. Williams' motion.

### I.   Extension for an Appeal under Rule 60(b)(1)

Mr. Williams asserts, without any explanation, that he did not receive notice of entry of judgment on his first motion for relief under Rule 60(b). [DE 171]. He makes no attempt to explain why he would not have received that notice, despite that the Clerk's Office mailed him a copy. [DE 172]. Federal Rules of Civil Procedure 77(d) and 5(b) indicate that service is provided by mailing notice to the person's last known address. *See* Fed. R. Civ. P. 5(b), 77(d). Even if he

did not have actual notice, Mr. Williams is not entitled to an extension to file a certificate of appealability based on the timing of his request.

Federal Rule of Appellate Procedure 4(a)(6) is applicable to this situation because it "governs what happens when a litigant does not receive timely notice of a judgment's entry." *Armstrong v. Louden*, 834 F.3d 767, 769 (7th Cir. 2016). To appeal a judgment in a suit to which the United States is a party, 28 U.S.C. § 2107(b) requires the defendant file a notice of appeal within 60 days after entry of such judgment. Under Appellate Rule 4(a)(6), when the 60-day window has elapsed "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if the motion to reopen the time to file an appeal is "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6) (emphasis added).

Judgment on Mr. Williams' Rule 60(b) motion was entered on April 5, 2018. [DE 172]. Mr. Williams did not file a motion for a status update until March 18, 2019 (347 days from judgment) and did not request an extension to appeal until April 11, 2019 (371 days from judgment). [DE 181]. Regardless of when Mr. Williams received actual notice of the judgment, the Court is still precluded by the outer limitation of 180 days after judgment established in Rule 4(a)(6). *See Firmansjah v. Ashcroft*, 347 F.3d 625, 626 (7th Cir. 2003). While the outcome of applying these rules can appear to be harsh, the remedy allowed by Rule 4(a)(6) "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." *Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002).

Finally, and more importantly for Mr. Williams' case, "courts have uniformly held that Rule 77(d) bars Rule 60(b) relief when, as here, the sole reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment." *Spika v. Village of Lombard, Ill.*, 763 F.2d 282, 286 (7th Cir. 1985). Mr. Williams only argues that the clerk's office failed to serve him a copy of the denial. [DE 183]. But the Seventh Circuit has stated that "[l]ack of notice does not fit any of the categories in Fed.R.Civ.P. 60(b), and Fed.R.Civ.P. 77(d) tells district courts to leave their judgments alone unless some other rule allows revision." *Firmansjah*, 347 F.3d at 626-27. Here, no other rule allows revision and Mr. Williams has not provided the Court any other reason or explanation as to why he did not receive notice of the judgment or check into the status of his motion within 180 days. Therefore, this Court does not have the authority to reopen the window for appeal on Mr. Williams' Rule 60(b) judgment.

## II.   Rule 60(b)(6) Claim under *Garza v. Idaho*

As a part of his motion under Rule 60(b), Mr. Williams also argues that the Supreme Court's decision in *Garza v. Idaho*, 139 S.Ct. 738 (2019) constitutes "extraordinary circumstances" under Rule 60(b)(6). In *Garza*, the Supreme Court invalidated previous Seventh Circuit precedent by holding that an attorney's decision to not file a notice of appeal despite their client's clear request, even in the face of an appeal waiver, may be considered ineffective assistance of counsel. Mr. Williams asserts that he instructed his counsel to appeal and asks the Court to vacate its prior order denying his motion pursuant to Rule 60(b).

First the Court notes that "when a petitioner has already been heard in post-conviction proceedings and then attempts to reopen those proceedings by moving under Rule 60(b), the district court's first task is to determine whether the petitioner has in reality filed an unauthorized second or successive [§ 2255] petition." *Adams v. United States*, 911 F.3d 397, 404 (7th Cir.

2018) (quotation omitted). Here, Mr. Williams is again attacking the merits of the Court's previous resolution of his claim and this is duplicative of his previous ineffective assistance of counsel argument. Moreover, Mr. Williams is not alleging any defect in the previous proceedings, but instead argues that the Supreme Court's decision in *Garza* now applies and can give him the relief he originally sought. But this Court already considered and rejected his arguments related to ineffective assistance of counsel on the merits in the § 2255 proceeding. [DE 135]. Therefore, since the Court has determined that this is a successive § 2255 claim, it must dismiss the petition as the Seventh Circuit has not given approval for its filing.[1] *See Adams*, 911 F.3d at 403.

Second, even if Mr. Williams' motion was not considered a successive § 2255 petition, it still fails under Rule 60(b). Mr. Williams does not identify which subsection of Rule 60(b) is applicable to his argument, but the Court construes it as a motion under the catch-all provision of Rule 60(b)(6) or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60 gives district courts the power and discretion to modify their judgments when truly new facts come to light or when the judge recognizes an error and believes it should be corrected." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018). But Rule 60(b) provides relief "only in the most extraordinary situations where a judgement is the inadvertent product of special circumstances and not merely erroneous application of law." *Adams*, 911 F.3d at 403 (citation omitted). Relief under Rule 60(b)(6), the "catchall" provision, "requires a showing of extraordinary circumstances justifying the reopening of a final judgment and such circumstances

---

[1] The Court notes that the Supreme Court in *Garza* did not explicitly state or even imply that it was announcing a new rule of law or that it would be applied retroactively. Moreover, "[d]istrict courts analyzing *Garza* . . . have uniformly held that it does not represent a new law that is retroactively applicable on collateral review." *Edwards v. United States*, No. 3:19-CV-293-NJR, 2020 WL 1975077, at *4 (S.D. Ill. Apr. 24, 2020) (quotation omitted). For this reason, the Court declines to forward the filing to the Seventh Circuit as an application for leave to file a second petition.

4

will rarely occur in the habeas context." *Arrieta v. Battaglia,* 461 F.3d 861, 865 (7th Cir. 2006) (quotation omitted).

      Mr. Williams is arguing that due to a change in the law related to assessing whether counsel has provided ineffective assistance the Court should vacate its prior judgment. But the Seventh Circuit has previously held that "[a] change in law alone with will not suffice for this purpose." *Ramirez*, 799 F.3d at 850. "This argument is foreclosed by precedent; a change in law showing that a previous judgment may have been incorrect is not an 'extraordinary circumstance' justifying relief under Rule 60(b)(6)." *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014). The Supreme Court also held in *Gonzalez v. Crosby* that legal developments occurring after a judgment becomes final do not qualify as extraordinary circumstances under Rule 60(b). 545 U.S. 524, 536 (2005); *see also, Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013). Moreover, when considering motions brought under Rule 60(b)(6), courts may consider several factors including "a change in the Supreme Court's approach to the fundamental rules for deciding habeas corpus cases; the diligence of the petitioner . . . and whether the underlying claim is one on which relief could be granted." *Ramirez*, 799 F.3d at 851.

      Here, Mr. Williams waited approximately a year before inquiring about the status of his motion [DE 171 and 180], which was decided two days after he filed it [DE 172].  During that time period though he filed a motion for return of property [DE 173] and a reply brief on that motion [DE 179], which suggests that he had continuing access to the court. Moreover, the record does not reflect that any of his mailings were returned or were undelivered, which could have explained his lack of notice from the Court. Finally, in bringing this motion, Mr. Williams did not provide any explanation for his delayed response or why he may not have received a notification from the Clerk's office. This does not demonstrate the requisite diligence to warrant

5

Rule 60(b)(6) relief. *See Spika*, 763 F.2d at 286. "Additionally, where Rule 60(b)(6) relief is sought to revive a lost right to appeal, the language of Rule 77(d), as well as the need for finality of judgments, militate in favor of limiting such relief to those instances where some diligence or other special circumstances are shown." *Id.* at 285; *see also, Williams v. Hatcher*, 890 F.2d 993, 995 (7th Cir. 1989). Here, Mr. Williams has not demonstrated any extraordinary circumstances or the due diligence that would warrant relief under Rule 60(b)(6).

## CONCLUSION

For those reasons, the Court DENIES Darius Williams' request for the Court to grant an extension of time to appeal and vacate its prior order denying his motion pursuant to Rule 60(b).

SO ORDERED.

ENTERED:  April 30, 2020

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court